Richard **HULSE**, Petitioner, v. William **POTTER** and Robert Sharp, Respondents.

No. 3784–A.

United States District Court, Alaska. First Division, Ketchikan.

July 18, 1957.

354

Floyd O. Davidson, Ketchikan, Alaska, for petitioner.

Victor P. Guns, Ketchikan, Alaska, for respondents.

KELLY, District Judge.

This matter comes before the court upon a petition for a writ of habeas corpus which sets forth that Richard Hulse, a minor of the age of 18 years, was unlawfully imprisoned and detained by the respondents in the city jail of Ketchikan, Alaska. The return of the respondents having been properly filed herein, a hearing was granted by the court wherein testimony of the petitioner and others was heard.

The pertinent facts as disclosed by the record and file in this court in this cause and the testimony of the witnesses at the hearing reveal the following:

On September 10, 1956, the petitioner was convicted in the municipal court of the City of Ketchikan before Magistrate Charles W. Hughes, on the charge of driving an automobile while under the influence of intoxicating liquor and received as sentence a $100 fine, his driver's license was suspended for a period of one year, and he was sentenced to serve 30 days in the city jail at Ketchikan, Alaska. The 30 day sentence was suspended, however, "on condition of payment of fine and observe driving restrictions."

On January 23, 1957, the petitioner was again arrested by a member of the city police of the City of Ketchikan upon three separate complaints, charging him first, with speeding; second, failure to stop for a stop sign; and third, driving without a driver's license.

Upon a hearing before Municipal Magistrate Ruth Simonsen on January 24, 1957, the petitioner pleaded guilty to those three charges. The City Magistrate thereupon sentenced the petitioner to serve the previously suspended sentence of 30 days.

Petitioner raises the following legal questions in connection with this hearing:

A. In the absence of express authority, does a municipal magistrate have the inherent power, by virtue of the office, to suspend the execution of a sentence?

B. Assuming *arguendo* that the power existed to suspend the 30-day sentence, was the petitioner given reasonable notice and the right to be represented by counsel, as required by statute?

C. Was the sentence of September 10, 1956, strictly binding upon the petitioner if the sentence was vague or if the terms of the suspension were never made clear to petitioner?

This Court asked for briefs upon the sole question of whether or not there was authority in the municipal magistrate to suspend the execution of a sentence. However, in view of the questions raised in petitioner's brief, this Court will dispose of all these questions. "A" and "B" above will be disposed of together later herein. In "C" above, petitioner's counsel assumes that the sentence was vague and contends that the petitioner would not be bound by it if the terms of the suspension were never made clear to the petitioner. The sentence provided first, for a $100 fine, which $100 fine the petitioner paid. His driver's license was suspended for one year, and it is presumed was taken up, and he was sentenced to 30 days in

the city jail, which sentence was suspended. Now, certainly, he understood that he was fined $100 because he paid it; he understood that his driver's license was suspended for a year because it was taken away from him; and he must have understood that his sentence was suspended because he did not serve the 30 days in the city jail. The conditions of the suspension of the sentence were that he pay his fine, which he did, and that he observe the driving restriction. This plainly means the restrictions imposed by the revocation of his license, which bars him from driving at all for one year. Certainly that is the only logical, rational interpretation of the wording of the sentence.

The Magistrate's Court is not a court of record. The proceedings are more or less informal, especially where pleas of guilty are entered, and so long as the statutory provisions are substantially complied with and no rights are denied to the accused these proceedings should be upheld.

In Alaska the territorial legislature has provided no executive authority for pardon or commutation of sentence but has by statute given the power to the magistrate to suspend sentences. Section 66–16–31, A.C.L.A. 1949, as amended by Ch. 195, S.L.A. 1955, provides:

> "Upon entering a judgment of conviction * * any court having jurisdiction to try offenses against the Territory of Alaska, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best. * * * "

**358**

Section 66–16–33 A.C.L.A. 1949 provides:

> "This Article shall apply to the District Courts of the Territory of Alaska and the Courts of United States Commissioners acting as Justices of the Peace, provided that all proceedings for the revocation of suspension of sentences in Justice Court, may be reviewed in the District Court, as in other cases by law provided."

Section 16–1–70 A.C.L.A. 1949, provides:

> " * * * The rules of proceeding before a municipal magistrate shall be as near as practicable the same as before a justice of the peace, unless otherwise prescribed by ordinance enacted by the council. * * * A judgment in the court of a Municipal Magistrate shall be enforced in the same manner as provided by law for the enforcement of judgments in the court of a Justice of the Peace."

The City of Ketchikan not only did not "provide otherwise" as permitted by Sec. 16–1–70, supra, but on the contrary reaffirmed such procedure. Sec. 8 of Ordinance 439 of the City of Ketchikan, Alaska, passed and approved September 21, 1949, provides:

> "Section 8. *Jurisdiction of the Magistrate and procedure before his court*: The Municipal Magistrate shall have jurisdiction of all actions for violation of the ordinances of the City of Ketchikan. Appeals shall be from his judgments to the district court in the same manner as appeals from a Justice of Peace. The rules of procedure of (the Justice of) the Peace as prescribed by the General Laws of the Territory of Alaska except where otherwise provided in this ordinance. (sic)

"A judgment in the court of the Municipal Magistrate shall be enforced in the same manner as provided by law for enforcement of judgments in the court of a Justice of Peace. Executions shall be the same as in the Court of a Justice of Peace."

On the question of whether or not the petitioner was given reasonable notice and the right to be represented by counsel as required by statute, it is undisputed that the petitioner was asked when arrested on the traffic offenses if he wished to see an attorney. I find he was given an opportunity to have counsel but apparently did not wish to avail himself thereof.

Moving on to the question of notice, I feel that when we discuss this question we should interpret it in a reasonable manner, and what would ordinarily be intended by the statutory provisions. It seems to me that the provision contemplates that if the petitioner were to be charged only with a violation of his probation or the commission of an act which would be a violation of the conditions under which his sentence was suspended, he should then be given notice of a hearing to be held to determine the truth or falsity of the alleged violation of the conditions of his suspended sentence and be given an opportunity to procure counsel to there represent him. However, where, as here, the defendant pleads guilty to an offense which, of itself, violates the conditions under which his sentence was suspended, and he was given an opportunity to have counsel, it would be absurd to hold that the petitioner was entitled to have a formal notice served upon him in connection therewith. On his plea of guilty for three traffic violations, he could have been sentenced to the limit the ordinance permits on each charge, to run consecutively, had the Magistrate so desired, which could have confined petitioner in the city

jail for a period several times longer than what he would have to serve here. Instead, the Magistrate chose to revoke the former suspended sentence and require petitioner to serve the 30 days there imposed.

I find no substantial rights of petitioner were denied by the procedure taken. The petition is denied, and petitioner remanded to the Chief of Police of Ketchikan to carry out the sentence.

The foregoing shall constitute findings of fact and conclusions of law unless either party desires additional findings, in which event the same may be presented.

Judgment may be entered in accordance with this opinion.