**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas FELLER, Defendant.**

**No. 1726–KB.**

District Court, Alaska
First Division, Ketchikan.

Nov. 15, 1957.

Roger G. Connor, U. S. Atty., Juneau, Alaska, and C. Donald O'Connor, Asst. U. S. Atty., Ketchikan, Alaska, for plaintiff.

E. E. Bailey, of Stump & Bailey, Ketchikan, Alaska, for defendant.

KELLY, District Judge.

This matter comes before this court on an appeal from the United States Commissioner's Court in Ketchikan from the revocation of a portion of a sentence which had been suspended by said Commissioner, who imposed certain conditions to be observed by the probationer, which said Commissioner found to have been violated. The pertinent facts leading up to this situation are substantially as follows:

On or about August 27, 1956, the defendant Thomas Feller and his crew on the seine boat Evelyn Raye were fishing commercially for salmon near Emerald Bay in Ernest Sound, Southeastern Alaska, in an area then closed to commercial fishing. As a result of this violation, Feller and his crew were apprehended and on October 3, 1956, Feller pleaded guilty and was fined $1,200, and a jail sentence of four (4) months was imposed and suspended upon the condition, among others, that he violate no Federal or Territorial laws or any municipal ordinances. The severity of the sentence was occasioned by the fact that Feller had been convicted earlier in the same season for another fisheries violation and had been three times convicted of fishing violations in his lifetime.

On November 15, 1956, the defendant Feller was arrested for hunting and killing deer with the aid of artificial light. As a result of this charge, an attempt was made in the month of December, 1956, to try the case at Wrangell. However, weather conditions prevented the government attorney from arriving at Wrangell and accordingly the case was postponed.

Due to the pressure of work in the United States Attorney's office, another trial date could not be arranged until January 16, 1957, when there was a trial in Wrangell in which the jury was unable to reach a verdict.

Procedural delays, the expense to the government of additional trials at Wrangell, and the beliefs that suspended sentences would become ineffectual unless acted upon promptly and soon after the alleged violation, and that justice would be best served thereby, led to a petition being filed for the revocation of the sentence previously suspended by the United States Commissioner in Ketchikan in October, 1956.

A hearing for revocation was held in Ketchikan on the 26th day of July, 1957, and the hearing resulted in a finding by the Commissioner that Feller had violated the terms of his probationary sentence. The Commissioner imposed two months of the previously suspended sentence to be served, and the defendant has appealed.

It should be noted that the original sentence was imposed on October 3,

1956. On November 15, 1956, the defendant was arrested and charged with hunting and killing deer with the aid of artificial light. Trial was held on this charge on January 16, 1957, and the jury disagreed. Other proceedings taken in the case, involving a number of matters which are not pertinent here, caused further delay, and the hearing for the revocation of the suspended sentence was held before the Commissioner who had passed the sentence on the 26th day of July 1957, and at that hearing the Commissioner revoked two months of the suspended sentence and ordered that they be served. Verbal notice of appeal was given immediately on said 26th day of July, 1957, and on the 22nd day of August, 1957, transcript of appeal was filed in the District Court at Ketchikan. The fall term of this court in Ketchikan began on October 14, 1957; the one year from the time the original sentence was imposed by the United States Commissioner expired on October 3, 1957.

This Court heard testimony and every opportunity was provided for the appellant to produce all evidence he desired. The government witnesses testified fully regarding the facts surrounding the alleged violation. This Court held a trial "de novo" covering the matter appealed to this court from the Commissioner's decision.

■ This Court finds that the facts reveal that the defendant Feller violated the terms of his probation by hunting deer in violation of the laws and regulations as charged by the Federal officials.

Although the defendant Thomas Feller was not on trial before the District Court on the charge of illegally shooting deer, testimony was introduced which amply indicated to this Court that the said defendant was engaged in killing deer illegally as charged. While a jury might reach a different verdict in case of trial, nonetheless the Court which originally imposed the sentence at the revocation hearing, was amply justified in finding that conditions of probation had been violated and this Court on the appeal trial de novo, also determines from the evidence introduced that ample grounds exist to find that the defendant Thomas Feller violated the law.

■ Determination having been made that the conditions of the probation were violated, the question then presented is whether or not this court has any jurisdiction herein. The appellant herein raises the question of law in this connection on the theory that unless the government brings the defendant into this court and his suspended sentence is revoked prior to the passing of one year after the imposition of the suspended sentence, that this court does not have the power to sentence the defendant herein. Counsel contends that even though the Commissioner, who originally imposed the suspended sentence of four months, held a hearing for the violation of the probation and such hearing was held within the one year time and that within the one year time the Commissioner, in whose court sentence was originally passed, revoked 60 days of the four months' sentence, that nevertheless, because by taking an appeal from the Commissioner's Court to the United States District Court under the provisions of Sec. 68–9–10, A.C.L.A. 1949, the case being a trial de novo in said District Court, that unless the hearing on the appeal be held within the one year period the District Court is without jurisdiction.

In other words, the probationer claims that because the one year probationary period has expired since the Commissioner's imposition of the previously suspended sentence and before the District Court hearing de novo, that the District Court has no power to affirm the revocation imposed by the Commissioner. The applicable section of the Alaska statutes, Sec. 66–16–31, A.C.L.A. 1949, provides:

"* * * No suspension of sentence shall be revoked after the expiration of one year from the date of such sentence * * *"

In none of the authorities cited do we have the exact situation which we have here, namely, where the court which had originally imposed the suspended sentence, held a hearing and revoked the suspension within the time allowed by law, and where thereafter the party against whom the revocation was invoked took an appeal from the Commissioner's Court, and the hearing on said appeal was held after the expiration of the one year period. Appellant contends that the revocation, valid at the time it was made by the court imposing the sentence, is now of no force and effect and that the culprit may, by his own act in taking an appeal, evade serving the revoked portion of his sentence.

Counsel for probationer contends that while an appeal in this nature would not ordinarily operate in this fashion, because the Alaska statute provides that on such an appeal a trial "de novo" must be held, that this in effect makes it an original action of the District Court; therefore the statute has operated in that the one year from the date the original sentence was imposed has expired and this court is now powerless to take any action herein.

· ■ Trial "de novo" as used in the statute, means the trying anew of an issue that has been previously tried, but the trial thereof is not limited to the record of the lower court, as in the case of appeals ·where no trial de novo is authorized, but a complete new trial shall be held.

■ The legislature obviously intended the provisions of the statute (Sec. 68–9–10, A.C.L.A.1949) to permit a litigant in a civil action before a Justice of the Peace where no record is required, to appeal from a decision with which he believes himself aggrieved, and obtain a full and complete new trial before the District Court. Appeal is a remedy to aid in the accomplishment of justice, not a method to assist in the evasion of justice. It would be preposterous to suppose the legislature intended it to be used by an appellant from a proceeding held properly under Sec. 66–16–31 to evade a penalty properly imposed, by the simple procedure of appeal.

■■ We are confronted with a further question herein. Where the grounds for the revocation of the sentence is based upon the violation of conditions of the probation which amount, in themselves, to a crime, is it necessary before a hearing on the revocation of the suspended sentence may be held that the probationer must be tried and convicted of the crime alleged? Summary hearings upon the revocation of a suspended sentence have been upheld. What is required in such hearings is the exercise of conscientious judgment, and not arbitrary action; that the discretion of the Court has not been abused; and that the facts revealed at the hearing satisfy the Court that the modification or revocation of the sentence, or a part thereof, will serve the ends of justice. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Bernal-Zazueta v. United States, 9 Cir., 225 F.2d 64, 65–68.

■■ The trial judge who imposed the sentence has certainly broad discretionary powers to revoke probation, and the probationer may not complain if he has been given ample opportunity to appear before the Court imposing the sentence, and he has been permitted to combat the accusation or charges against him and there has been no abuse of discretion on the part of the Court. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Manning v. United States, 5 Cir., 161 F.2d 827; Jianole v. United States, 8 Cir., 58 F.2d 115; United States ex rel. Campbell v. Bishop, 5 Cir., 47 F.2d 95.

I find on review that the determination of the Commissioner was proper and that the appellant is guilty of violation of the conditions of his probation. He will have twenty days to appear before this Court for action upon this finding.