Marvin Lee HOFFMAN, Petitioner,

v.

STATE of Alaska, Respondent.

No. 562.

Supreme Court of Alaska.

Aug. 2, 1965.

Burton C. Biss, of Butcher & Biss, Anchorage, for petitioner.

John K. Brubaker, Dist. Atty., and John L. Devney, Asst. Dist. Atty., Anchorage, for respondent.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

The issue before us is whether a probationer without the means to hire counsel has the right to court appointed counsel in a probation revocation proceeding.[1] The question is one of first impression in this jurisdiction.[2]

AS 12.55.110 governs revocation of probation proceedings. This section of our Code of Criminal Procedure provides that:

When sentence has been suspended, it shall not be revoked except for good cause shown. *In all proceedings for the revocation of a suspended sentence,*

---

1. There is no issue in this appeal as to petitioner's indigency and nothing appears in the record which would lead us to question petitioner's indigency.

2. The decisions in Hulse v. Potter, 17 Alaska 353 (D.Alaska 1957) and United States v. Feller, 17 Alaska 417, 156 F. Supp. 107 (D.Alaska 1957), were not concerned with this precise issue.

*the defendant is entitled to reasonable notice and the right to be represented by counsel.*[3]  (Emphasis furnished.)

█ Although AS 12.55.110 is couched in terms of revocation of a "suspended sentence," in light of the provisions of AS 12.55.080 it is apparent that AS 12.55.110 is applicable to probation revocations.[4]

At the time petitioner came before the lower court for hearing upon the petition for probation revocation which had been filed against him, the following exchange took place between the court and petitioner:[5]

THE COURT: Are you going to retain counsel or are you going to represent yourself this morning?

MR. HOFFMAN: Yes.

THE COURT: How long will it take you to get an attorney?

MR. HOFFMAN: Sir, I can't get one by myself.

THE COURT: Well, I'm not going to appoint for you an attorney on this sort of a hearing. You may have an opportunity to have additional time to consider * * * or to arrange your own counsel, but I'm not going to appoint an attorney for you. How much time do you need?

MR. HOFFMAN: Well, there's no way I'll be able to get one, sir.

3. This statute was first enacted in 1929. See S.L.A.1929, ch. 94, § 2. The title of the 1929 Act reads:
AN ACT to provide for suspending sentences in the courts of the Territory of Alaska and repealing Chapter 54 of the Laws of Alaska, 1923.
Section 2 of the Act provided:
Whenever sentence has been stayed and suspended as provided in this Chapter, such suspension shall not be revoked except for good cause shown, and in all proceedings for the revocation of suspension of sentence, the defendant shall be entitled to reasonable notice and the right to be represented by counsel.
Section 3 of the Act provided:
This Act shall apply to the District Courts of the Territory of Alaska and the Courts of United States Commissioners acting as Justices of the Peace, provided that all proceedings for the revocation of suspension of sentences in Justice Court, may be reviewed in the District Court, as in other cases by law provided.
Section 2 of the 1929 Act has been reenacted without substantial change. See § 5406 C.L.A. (1933); § 66–16–32 A.C.L.A. (1949); S.L.A.1962, ch. 34, § 8.11.

4. In regard to the suspension of sentence and probation, AS 12.55.080, at the time petitioner was sentenced, provided:
Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, any court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.
Since February 1964, AS 12.55.080 has been repealed and reenacted twice. See S.L.A.1964, ch. 43, § 24; S.L.A.1965, ch. 68, § 8.

5. On February 21, 1964, after pleading guilty to burglary and larceny charges petitioner was sentenced to three years' imprisonment with all but five months suspended. Petitioner was placed on probation for the period of the suspended sentence. After having served the five month period of incarceration and during the period petitioner was on probation, a petition to revoke his probation was filed in the lower court on September 29, 1964.
On October 1, 1964, petitioner appeared for hearing upon the petition which alleged in part that the petitioner had violated the express conditions of his probation in that:
(1) On or about September 23, 1964, the defendant stole in excess of $200.00 from the home of his step-mother and father.
(2) That the defendant failed to report to the offices of the Youth & Adult Authority as instructed during the months of August and September 1964.
(3) That the defendant changed his occupation and place of residence without notifying the Youth & Adult Authority.

THE COURT: Well, how much time before you're prepared to defend yourself, if you intend to, on these allegations made in the affidavit petition?

MR. HOFFMAN: I'm ready now, I guess.

The hearing then continued and at its conclusion the court found that petitioner had violated the terms and conditions of his probation and revoked petitioner's probation.[6]

■ We hold that petitioner has, by virtue of the provisions of AS 12.55.110, the same right to be represented by counsel at a probation revocation proceeding as does the probationer who has funds with which to hire counsel.

■ In short, we cannot ascribe to our legislature an intent to draw a distinction, along economic lines, as to which probationers were to be accorded this statutory right to counsel. To construe AS 12.55.110 as embodying an intended dichotomy between probationers unable to afford counsel and others would, in our opinion, render the statute repugnant to the Equal Protection Clauses of both the Federal and Alaska Constitutions.[7] It is our duty to reasonably construe statutes to "avoid a danger of unconstitutionality." Territory of Alaska v. Craig Enterprises, Inc., 355 P.2d 397, 403, 84 A.L.R.2d 1082 (Alaska 1960).

The Supreme Court of the United States has in its decisions in Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); and Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891 (1956), struck down distinctions between indigents and those with means in regard to post conviction remedies. Admittedly these three decisions involved appeals in criminal cases and were not concerned with probation or parole issues, but as was observed by Judge Sobeloff, in reference to these cases, in his concurring opinion in Jones v. Rivers, 338 F.2d 862, at 876 (4th Cir. 1964):

[T]here is no reason to attach significance to their technical classification as criminal rather than civil; the underlying feature to be noted is the fact that the liberty of the individual was involved.[8]

■ What we do today is to refuse to sanction any discriminatory application between indigent probationers and others in the administration of the right to counsel granted by AS 12.55.110.

In reaching this conclusion we have rejected the state's contention that this court does not have jurisdiction to decide the issue of the right to court appointed counsel in the probation revocation proceeding in question. In support of this contention, the state argues that if the proceeding here is

6. During the hearing petitioner admitted that he had violated his probation as alleged in paragraphs (1) and (3) of the petition for probation revocation (See note 5, supra).

The lower court on the same day as the hearing also entered a final order which read in part:

That the balance of the sentence imposed upon the defendant the 21st day of February 1964 be and it is hereby placed into execution.

7. United States Constitution, art. XIV, § 1, provides in part:

No State shall * * * deny to any person within its jurisdiction the equal protection of the laws.

Alaska Constitution, art. I, § 1, provides in part:

*Inherent Rights.* This constitution is dedicated to the principles that * * * all persons are equal and entitled to equal rights, opportunities, and protection under the law * * *.

8. In Jones the question before the court was whether due process requires that an indigent parolee be provided with appointed counsel at parole revocation proceedings before the District of Columbia Board of Parole. Under the provisions of D.C.Code, § 24–206 (1961), a parolee at a parole violation hearing "may be represented by counsel." The majority in Jones concluded that due process did not require appointed counsel for an indgent parolee.

in the nature of an original application for a writ of habeas corpus, then petitioner has not complied with Supreme Ct.R. 33 (a).[9]

 Although petitioner has failed to comply with the requirements of subsections (2) and (5) of Rule 33(a), we are of the opinion that in view of the circumstances of this case, strict adherence to the provisions of Rule 33(a) should be dispensed with in order to avoid injustice.[10] The matter initially came before this court in November of last year when petitioner wrote complaining that he was denied appointed counsel at the time his probation was revoked. In view of the seriousness of the issue and importance of the right asserted, we treated this letter as an original application to this court for a writ of habeas corpus.[11]

 We hold that petitioner's pro se application for a writ of habeas corpus is properly before us despite his technical failure to comply with the provisions of Rule 33(a).

The petition for a writ of habeas corpus is granted. The lower court's order of October 1, 1964, revoking petitioner's probation is reversed. The case is remanded for appointment of counsel for petitioner and further proceedings upon the September 29, 1964, petition for probation revocation. The custody of petitioner pending such further proceedings shall be determined by the superior court.[12]

9. Supreme Ct. R. 33(a) provides in part:
    (a) Original Applications for Relief. The granting by this court or a justice thereof, on original application, of relief heretofore available by writs authorized by law, is not a matter of right but of sound discretion sparingly exercised. The procedure for obtaining such relief shall be as provided by Rules 26 to 33, except as follows: * * *
    * * * * *
    (2) The petition shall set forth with particularity why the relief sought is not available in any other court, or cannot be had through appellate processes of appeal or petition for review.
    * * * * *
    (5) If the petition seeks issuance of a writ of habeas corpus, it shall comply with the requirements of statutes relating to habeas corpus, and shall state the reasons for not making application to the superior court. The peti-tion shall also specifically set forth how and wherein the petitioner has exhausted all other remedies available to him by law or rule. Proceedings under this paragraph (5) shall be ex parte, unless the court or a justice thereof otherwise orders.

10. Supreme Ct. R. 52 provides:
    *Construction.*
    These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

11. Habeas corpus is a proper remedy for an imprisonment or restraint that is contrary to fundamental law. Fay v. Noia, 373 U.S. 391, 401–402, 408–409, 414, 83 S.Ct. 822, 9 L.Ed.2d 837, 846–847, 850–851, 854 (1963).

12. See S.L.A.1965, ch. 50.