**Paul Edwin SNYDER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1381.**

Supreme Court of Alaska.

April 21, 1972.

Herbert D. Soll, Public Defender, Meredith A. Wagstaff, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Seaborn J. Buckalew, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

PER CURIAM.

Appellant, Paul Snyder, appeals from an order revoking probation and remanding Snyder to custody to serve a sentence previously suspended.

The essential facts are few. On June 13, 1969, Snyder entered a plea of guilty to the crime of armed robbery. He was adjudged guilty on November 5, 1969, and a suspended sentence with three years probation was imposed. A condition of Snyder's probation [1] provided:

(2) The defendant shall not violate any laws of this or any other state, or any municipal ordinance or the laws of the United States.

On November 18, 1969, Snyder was involved in an altercation with another individual. No criminal charges were brought by the state as a result of the incident. On the basis of the occurrence, a probation officer for the State of Alaska filed a petition to revoke probation for violation of condition (2), noted above, "by committing assault and battery." [2] A hearing was held in the superior court and probation was revoked; the judge found:

There isn't any question at all in my mind that Snyder committed an unprovoked assault and battery at that time and place. There isn't any question at all in my mind that—but that Mr. Snyder by committing the crime of Assault and Battery violated the terms of his probation.

On appeal Snyder does not dispute the superior court's discretionary power to revoke probation after a hearing where the court finds a condition of probation has been violated. Nor does Snyder contend that he was denied adequate notice of the hearing and representation by counsel as required by AS 12.55.110. Hoffman v. State, 404 P.2d 644 (Alaska 1965). Snyder simply asserts that it is an abuse of the court's discretion to revoke probation solely for the commission of a crime in the absence of formal charges and conviction.

In asserting his contention Snyder recognizes that "many courts have held that

---

1. AS 12.55.080 provides for the imposition of conditions of probation.

2. AS 12.55.085(b) provides for the revocation of probation for the violation of conditions imposed or engaging in criminal practices.

conviction of a crime charged is not a prerequisite to finding a violation of probation and revoking that probation, [but] urges that this is a practice . . . which should not be adopted in this state." Snyder has, in fact, been unable to find authority from courts squarely adopting the rule he urges. We decline to adopt such a unique position.

A review of the extensive authority adverse to Snyder's position is hardly necessary. We note simply that United States v. Feller, 17 Alaska 417, 424, 156 F.Supp. 107, 110 (1957), established the usual rule and adopted, for the Territory of Alaska, a position contrary to the one urged here holding:

> We are confronted with a further question herein. Where the grounds for the revocation of the sentence is based upon the violation of conditions of the probation which amount, in themselves, to a crime, is it necessary before a hearing on the revocation of the suspended sentence may be held that the probationer must be tried and convicted of the crime alleged? Summary hearings upon the revocation of a suspended sentence have been upheld. What is required in such hearings is the exercise of conscientious judgment, and not arbitrary action; that the discretion of the Court has not been abused; and that the facts revealed at the hearing satisfy the Court that the modification or revocation of the sentence, or a part thereof, will serve the ends of justice. (Citations omitted)

> The trial judge who imposed the sentence has certain broad discretionary powers to revoke probation, and the probationer may not complain if he has been given ample opportunity to appear before the Court imposing the sentence, and he has been permitted to combat the accusation or charges against him and there has been no abuse of discretion on the part of the Court. (Citations omitted). •

We adopt the standards announced in *Feller.*[3]

Affirmed.

3. For authority adopting a similar position see United States ex rel. Lombardino v. Heyd, 318 F.Supp. 648, 652 (E. D.La.1970), aff'd per curiam, 438 F.2d 1027 (5th Cir. 1971), cert. denied 404 U.S. 880, 92 S.Ct. 195, 30 L.Ed.2d 160 (1971); Shaw v. Henderson, 430 F.2d 1116, 1117 n. 3 (5th Cir. 1970); United States ex rel. MacLaren v. Denno, 173 F.Supp. 237, 241 (S.D.N.Y.1959), aff'd per curiam, 272 F.2d 191 (2d Cir. 1959), cert. denied, 363 U.S. 814, 80 S.Ct. 1252, 4 L.Ed.2d 1155 (1960); Scott v. State, 238 Md. 265, 208 A.2d 575 (1965); Barker v. Ireland, 238 Or. 1, 392 P.2d 769, 771 (1964); State v. Baca, 458 P.2d 602 (N.M.App.1969).