**Max Ray MARTIN, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 1820.**

Supreme Court of Alaska.

Jan. 18, 1974.

Herbert D. Soll, Public Defender, Brian Shortell, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

ERWIN, Justice.

## OPINION

Before CONNOR, ERWIN, and BOOCHEVER, JJ.

This case involves revocation of appellant's probation. On December 4, 1970, appellant Max Martin pleaded guilty to the charge of larceny in a building. He was found guilty based upon his plea and was sentenced to five years' imprisonment. Four years of this sentence were suspended, and he was placed on probation for four years. The order of probation imposed seven conditions upon Martin, among which the following are here relevant:

1. The defendant shall violate no laws or ordinances of Federal, State or local governments;

  ·    ·    ·    ·    ·    ·

3. The defendant shall maintain residence approved by the Probation Officer;

  ·    ·    ·    ·    ·    ·

5. The defendant shall not use alcoholic beverages or drugs except as otherwise prescribed by a physician;

6. The defendant shall not associate with known alcoholics or felons, except as may be required by the probation authorities;

  ·    ·    ·    ·    ·    ·

On August 3, 1972, a petition was filed requesting that appellant's probation be revoked. The petition contained allegations that Martin had attempted to "pass" a forged check, used alcohol without permission, and associated with convicted felon Terry Park, in violation of conditions 1, 5, and 6 of the order of probation.

Appellant was arrested that day on a bench warrant and, with counsel from the Public Defender Agency, appeared in superior court where the charges were recited and explained to him. He again appeared in court on August 7 and requested two

weeks to prepare his defense. His request was granted and hearing was set for August 21. On August 17 his counsel moved for a continuance and hearing was re-set for August 22. On that date appellant's counsel indicated he was ready to proceed, and a hearing was then held to determine whether appellant had violated his probation.

Testimony by the state's witnesses established that appellant had attempted to cash a check at an Anchorage bank while identifying himself as one Terry Park, whose purported signature appeared on the check. The check was drawn against Park's Bethel, Alaska account. It was further related that appellant had presented bank personnel with a driver's license issued to Terry Park as proof of his identity, and had attempted to justify the overdrawn condition of the account (still maintaining he was Terry Park) by stating he had recently mailed in a deposit to cover all outstanding checks. The state also introduced a statement appellant had given police in which he admitted signing Park's name to the check, related his continuous association with Park during a drinking spree lasting several days, and claimed that Park had authorized him to write and cash checks on Park's account.[1]

Based upon this evidence, the superior court found appellant in violation of the conditions of his probation. On September 28, 1972, after a further hearing before the superior court judge who had originally allowed probation, appellant's probation was revoked and the previously suspended sentence of imprisonment was ordered into effect.

Appellant initially challenges the revocation by alleging that the evidence was insufficient to support a finding that he had violated the law. He argues that the state did not establish his intent to defraud, a necessary element of the statutory crime of uttering a forged instrument,[2] since it failed to produce any evidence that he lacked authority to sign and cash the check in Park's name.

■ In Snyder v. State,[3] this court adopted the standard of review set forth in United States v. Feller[4] where revocation of probation is based upon the violation of conditions amounting, in themselves, to a crime.

> What is required in such hearings is the exercise of conscientious judgment, and not arbitrary action; that the discretion of the Court has not been abused; and that the facts revealed at the hearing satisfy the Court that the modification or revocation of the sentence, or a part thereof, will serve the ends of justice.[5]

At the hearing the bank's cashier testified that appellant had identified himself as Park, produced a driver's license bearing that name, and maintained that identity even after being informed that the check would not be honored. A police investigator who was called to the bank testified that appellant continued to masquerade as Park until it became evident that this position was no long tenable, whereupon appellant for the first time claimed that Park had authorized him to sign and cash the check. Furthermore, although appellant testified on other matters at the hearing, he did not attempt to explain why he had waited so long to admit his true identity and assert his claim of authorization.

■ While there was no direct evidence on the point,[6] we feel that this testimony

---

1. This explanation also indicated that appellant knew the account was overdrawn in Bethel, and that he attempted to cash the check in the hope that similar checks had not yet reached the Bethel bank.

2. AS 11.25.020 states in part:
   A person who, with intent to injure or defraud another . . . knowingly utters, . . . passes, or tenders in payment as true and genuine, a . . . forged . .

check, or other evidence of debt . . . is punishable by imprisonment in the penitentiary for not less than one year nor more than 20 years.

3. 496 P.2d 62, 63 (Alaska 1972).

4. 17 Alaska 417, 156 F.Supp. 107 (1957).

5. *Id.* at 424, 156 F.Supp. at 110.

6. The state attempted to introduce an affidavit of forgery executed by Park, and his

properly supported an inference by the hearing judge that appellant lacked authority to sign and cash the check. Under the standard of *Snyder* we find no abuse of discretion here.

Next, appellant claims that the court erred by finding him in violation of condition 3 of the probation order, requiring him to maintain an approved residence, because he received no notice of this charge prior to the hearing.[7] We note that no objection was made to this finding at either hearing below. Failure to object to an error during the proceedings will preclude its consideration on appeal unless the defect may be said to constitute plain error.[8] This occurs when the irregularity affects substantial rights and is "obviously prejudicial".[9] Failure to notify a probationer, prior to the revocation hearing, of an allegation that he has violated a condition of probation is a denial of procedural due process.[10] Denial of a constitutional right affects substantial rights. Therefore, plain error will result unless the defect is harmless beyond a reasonable doubt.[11]

Here, it does not appear that the revoking court considered the violation of condition 3 at all in reaching its decision. From the court's lengthy discussion of appellant's prospects for rehabilitation, it is evident that the revoking judge concerned himself solely with appellant's violations of conditions 1 and 5. Complete inattention to the allegation that appellant had not maintained an approved residence, despite extended consideration of the significance

of his failure to refrain from drinking and engaging in criminal activity, persuades us beyond a reasonable doubt that the alleged violation of condition 3 played no part in the superior court's decision to revoke probation. There is no plain error.

Appellant also alleges that imposition of the condition requiring him, an avowed alcoholic, to abstain from alcohol was unreasonable and contrary to the intent of article I, section 12 of the Alaska Constitution.[12] Consequently, he argues, the condition was void, and it was error to base revocation of his probation upon violation of such a condition.

We find this contention devoid of merit. Appellant's drinking problems were discussed at some length prior to his original sentencing and again at the revocation hearing. The condition was initially imposed because appellant himself blamed his criminal behavior upon excessive drinking, stating "I've either got to quit to [sic] drinking or spend the rest of my life in jail because every time I get drunk I end up in jail." Under these circumstances it was certainly reasonable for the sentencing court to conclude that appellant's rehabilitation was dependent upon his abstention from alcohol and so make abstention a condition of probation. Subsequently, at the revocation hearing, it was well within the court's discretion to decide that appellant's failure to abide by this condition interfered with his rehabilitation, making it unlikely that further probation would benefit him.

oral statement to his probation officer that he had not given Martin authority to sign or cash the check. Both were excluded as hearsay.

7. Apparently the superior court inadvertently made reference to condition 3 (maintenance of an approved residence) rather than condition 6 (association with known felons) in announcing its findings. Condition 3 was not cited in the petition for revocation; nor was it relied upon by the state during the hearings.

8. Alaska R.Crim.P. 47(b).

9. *E. g.*, Burford v. State, 515 P.2d 382, 383 (Alaska 1973).

10. Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 1771, 36 L.Ed.2d 656, 662 (1973); Morrissey v. Brewer, 408 U.S. 471, 488–489, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484, 498–499 (1972). *See* Hoffman v. State, 404 P.2d 644, 645 (Alaska 1965).

11. Burford v. State, 515 P.2d 382, 383 (Alaska 1973). *See* Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 710 (1967); Bargas v. State, 489 P.2d 130, 133 (Alaska 1971).

12. Alaska Const. art. I, § 12 states in part: Penal administration shall be based on the principle of reformation and upon the need for protecting the public.

Finally, appellant contends that reinstating the full four years of his original sentence of imprisonment is excessive punishment. We cannot agree. The sentence of imprisonment stems from appellant's larceny offense, and it lay within the sound discretion of the superior court to reinstate that sentence upon revocation of probation.[13] Under the circumstances of this case we find no abuse of discretion.

Affirmed.

RABINOWITZ, C. J., and FITZGERALD, J., did not participate.

13. Snyder v. State, 496 P.2d 62, 63 (Alaska 1972).