Walter James NIELSEN, Appellant,

v.

STATE of Alaska, Appellee.

No. 4677.

Supreme Court of Alaska.

May 15, 1981.

James L. Bruce, Asst. Public Defender, Ketchikan, Brian Shortell, Public Defender, Anchorage, for appellant.

Michael A. Thompson, Asst. Dist. Atty., Ketchikan, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

BURKE, Justice.

This is a sentence appeal.

On March 8, 1979, the superior court revoked Walter James Nielsen's probation and committed him to the custody of the Commissioner of Health and Social Services for a period of twenty years. Under the authority of AS 33.15.230(a)(1), the court further order Nielsen to serve a minimum term of ten years before becoming eligible for parole. This appeal followed.

Nielsen's twenty year sentence was originally imposed on September 3, 1975, after he pled guilty to two counts contained in a three count indictment: assault with a dangerous weapon (Count II) and stabbing or cutting with intent to wound or maim (Count III). Nielsen received a four year sentence on the assault charge, and was remanded to custody to begin service of his sentence. On the other charge, which involved the cutting of another man's throat, he was sentenced to a consecutive twenty year term. The superior court, however, suspended the execution of Nielsen's twenty year sentence and placed him on probation for a period of five years, commencing upon his release from custody after service of the other sentence. See AS 12.55.-080–.090. As a condition of his probation, Nielsen was ordered "not [to] consume any intoxicating beverages."

Nielsen was released from custody in April, 1978. On August 11, 1978, he was found drunk in an alley behind the Rainbird Bar in Ketchikan. As a result of this incident, the superior court revoked probation and ordered its previously imposed twenty year sentence executed.

I

■ Nielsen's first contention is that one episode of drunkenness is not sufficient to satisfy the "good cause" requirement of AS 12.55.110. That section provides, in part: "When sentence has been suspended, it

shall not be revoked except for good cause shown." [1] This provision

> requires the trial judge to find that continuation of probationary status would be at odds with the need to protect society and society's interest in the probationer's rehabilitation. Revocation should follow violation of a condition of probation when that violation indicates that the corrective aims of probation cannot be achieved.

*Trumbly v. State*, 515 P.2d 707, 709 (Alaska 1973) (footnote omitted).

The record makes it abundantly clear that Nielsen has a strong tendency to commit violent acts when he is intoxicated. He has a long history of alcohol related offenses, including a prior conviction for assault with a dangerous weapon.[2] That conviction, in 1971, stemmed from an incident wherein he stabbed a fellow resident, while residing in a home for alcoholics. Equally clear is the fact that the superior court saw Nielsen as only marginally fit for probation in the first place, and that continued alcohol abuse would result in immediate forfeiture of his freedom, because of the considerable danger he presents to others when he consumes alcohol. The court ended its remarks at the time of Nielsen's original sentencing with the following statement: "[I] make you a promise. If you're released on probation and you violate any of those conditions you will serve at least ten years."

What is required in cases such as this is that the court's decision reflect "the exercise of conscientious judgment, and not arbitrary action." *Snyder v. State*, 496 P.2d 62, 63 (Alaska 1972) *quoting* with approval *United States v. Feller*, 17 Alaska 417, 424, 156 F.Supp. 107, 110 (1957). Here, we are

unable to say that that standard was not met.

## II

AS 12.55.110 further provides, in part: "In all proceedings for the revocation of a suspended sentence, the defendant is entitled to reasonable notice and the right to be represented by counsel." [3] Nielsen next contends that the superior court violated this provision, and thereby abused its discretion, when it denied his motion for a continuance of the revocation hearing. *See Salazar v. State*, 559 P.2d 66, 71–75 (Alaska 1976) (guidelines for granting a continuance) and *Klockenbrink v. State*, 472 P.2d 958, 963–66 (Alaska 1970) (continuance required if counsel has had inadequate time to prepare).

The purpose of the request was to allow Nielsen's attorney additional time to prepare for the revocation hearing, by obtaining an additional psychiatric evaluation of his client. We hold that the court did not abuse its discretion in denying Nielsen's motion for a continuance. *Cf. Adams v. State*, 521 P.2d 516, 518–19 (Alaska 1974) and *Newsom v. State*, 512 P.2d 557, 562–63 (Alaska 1973) (sentence upheld in both cases despite lack of psychiatric evaluation at time of sentencing).

## III

Nielsen's final contention is that the court's imposition of a consecutive twenty year sentence violated the double jeopardy provision of article I, section 9 of the Constitution of Alaska.[4] In support of this contention, Nielsen cites *Whitton v. State*, 479 P.2d 302 (Alaska 1970).[5] According to

---

1. "Although AS 12.55.110 is couched in terms of revocation of a 'suspended sentence,' in light of the provisions of AS 12.55.080 it is apparent that AS 12.55.110 is applicable to probation revocations." *Hoffman v. State*, 404 P.2d 644, 645 (Alaska 1965) (footnote omitted).

2. We note too that while on probation Nielsen committed another alcohol related offense which led to his conviction for second degree murder. *State v. Nielsen*, 623 P.2d 304 (Alaska 1981). That offense, however, was not con-

sidered by the superior court in reaching its decision in the case at bar.

3. See note 1, *supra.*

4. Article I, section 9 provides, in part: "No person shall be put in jeopardy twice for the same offense."

5. In *Whitton* we held that "multiple punishments for one or 'the same' offense violate [article I, section 9]." 479 P.2d at 310.

Nielsen, the assault that resulted in a four year sentence for assault with a dangerous weapon was the "same offense," for purposes of double jeopardy, as the one for which he received the twenty year sentence.

Procedurally, this aspect of Nielsen's appeal is untimely. On the merits, his argument is frivolous.

### A. Timeliness of appeal.

■ Under Alaska Appellate Rule 21(b), Nielsen's claim of a double jeopardy violation should have been appealed "not later than 30 days after [the] sentence was imposed." *See also* Rule 7(a)(1), Alaska R.App.P. The sentence was imposed in September, 1975. His notice of appeal was not filed until 1979, when execution of the sentence was ordered.[6]

### B. Merits of double jeopardy claim.

■ Nielsen's four year sentence, for assault with a dangerous weapon, was based upon a shooting incident. The victim of that shooting, Robert Zobenica, was shot in the leg by Nielsen, after Nielsen ordered him out of a car in which they were riding with another man. According to the presentence report, Nielsen then ordered Zobenica back in the car where, a short time later, "Nielsen produced a knife and cut Zobenica's throat and neck with it." The second incident formed the basis for Nielsen's twenty year sentence.

Clearly, these two incidents were separate offenses for purposes of article I, section 9. *See State v. Occhipinti*, 562 P.2d 348 (Alaska 1977) (separate sentences for assault with a dangerous weapon, rape, and kidnapping required, even though all part of a single abduction).[7]

Nielsen's sentence is AFFIRMED.

RABINOWITZ, C. J., concurs.

COMPTON, J., not participating.

RABINOWITZ, Chief Justice, concurring.

Although I agree with the court's affirmance in this case, I disagree with the court's treatment of the timeliness of the appeal as it relates to the double jeopardy issue and with the court's conclusion that *Gilligan v. State*, 560 P.2d 17 (Alaska 1977), is distinguishable. If Gilligan's sentence was excessive after revocation of probation, it was excessive when originally imposed, as we have held that, in assessing excessiveness of sentences, the entire length of the sentence must be assessed without regard to the suspension. *Ferreira v. State*, 602 P.2d 803, 806 (Alaska 1979). Thus, if Nielsen's claim of double jeopardy arose when sentence was originally imposed, Gilligan's claim of excessiveness did also; and I fail to perceive any dispositive distinction on this basis.

In my view, the rationale underlying *Gilligan* is the discouragement of unnecessary appeals. Had we ruled otherwise in that case, any challenge to a sentence would have to be instituted immediately, even if the defendant was pleased with the suspension he obtained; thus, this court would be faced with cases which might never present a problem at all were the defendant to complete probation successfully. That same rationale applies here.

Additionally, I think that an attorney reading *Gilligan* would reasonably conclude that he could safely advise his client that any infirmity, constitutional or otherwise, in a sentence, all or part of which had been suspended, need not be appealed at the time of suspension, but could be brought up if the suspension were eventually revoked. Thus, there is a significant reliance factor here. Finally, I see no reason to unnecessarily complicate the law by creating a distinction between those types of sentence appeals allowable after revocation of probation and those not allowable.

---

**6.** This case is distinguishable from *Gilligan v. State*, 560 P.2d 17 (Alaska 1977), since Nielsen's claim of double jeopardy arose, if at all, when his sentences were originally imposed, in 1975.

**7.** Although the point is not urged by Nielsen, we note that consecutive sentences for separate offenses do not violate the constitutional provision against double jeopardy. *Davis v. State*, 566 P.2d 640, 644 (Alaska 1977).