761 P.2d 122 (1988)
A.S., A Minor, Appellant,
v.
STATE of Alaska, Appellee.
No. A-2310.
Court of Appeals of Alaska.
September 2, 1988.
*123 Valerie Leonard, Asst. Public Defender, Kotzebue, and Dana Fabe, Anchorage, Public Defender, for appellant.
Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Juneau, for appellee.
Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION
COATS, Judge.
A.S., a teenage boy born on March 10, 1970, was adjudicated a juvenile delinquent for committing a burglary and less-serious, related offenses in February 1987. In April, Superior Court Judge Paul B. Jones committed A.S. to the custody of the Department of Health and Social Services, but deferred institutional placement and placed A.S. on supervised probation. The conditions of probation required A.S. to "obey all municipal, state and federal laws."
Soon thereafter, while he was still on probation, A.S. was charged with third-degree assault. AS 11.41.220(a)(1). The state alleged that:
[O]n 5-23-87, at or near Kotzebue in the Second Judicial District, State of Alaska, [A.S.] did unlawfully and recklessly place Rick Janitscheck in fear of imminent serious physical injury by means of a dangerous instrument, by putting a loaded 22 caliber rifle approximately one foot from Rick Janitscheck's face.
As a result of these charges the state filed both a new juvenile delinquency petition and a probation violation petition. Shortly before the scheduled trial, the state dismissed the new delinquency petition and, over A.S.'s objection, proceeded only with the probation revocation. A.S. had been in custody almost three months awaiting jury trial, and he objected to proceeding by way of a court hearing on the probation revocation petition.
An evidentiary hearing was held in Kotzebue in August 1987, before Judge Jones. At the hearing, Judge Jones denied A.S.'s oral requests for a jury trial and to require the state to prove the probation violation beyond a reasonable doubt. Judge Jones applied a preponderance of the evidence standard to all issues.
A.S. admitted brandishing the rifle, but claimed that he was acting in self-defense. After hearing the evidence, Judge Jones *124 rejected the self-defense claim and found that, by committing a third-degree assault, A.S. had violated the condition of his probation requiring obedience to the law. The judge continued A.S. on probation, and imposed more stringent probation conditions.
Because the petition involved alleged criminal acts, A.S. claims a right to an adjudication on the new charges rather than a probation revocation. A.S. claims proceeding on the petition to revoke probation would violate due process and equal protection because (1) the sanctions for a probation violation concerning criminal acts would be more severe than those for a violation of a more technical condition of probation, e.g., failing to report to a probation officer; (2) prosecutors might minimize constitutional safeguards by using the revocation hearing as a substitute for an adjudication, which requires a higher standard of proof (see III Standards for Criminal Justice § 118-7.5 at 533 (Approved Draft 1982)); and (3) such a procedure would not be allowed if the Delinquency Rules were construed and applied to "promote fairness" (see Alaska Delinq.R. 1(c)), especially where the underlying crime involved only property offenses and the new offense was a crime "against the person."
A.S.'s contention seems to have been rejected by the Alaska Supreme Court in State v. DeVoe, 560 P.2d 12, 15 (Alaska 1977) (denial of petition to revoke probation on ground that state elected not to charge and convict defendant in a separate criminal proceeding was clear abuse of discretion). See also Snyder v. State, 496 P.2d 62, 63 (Alaska 1972). Although DeVoe could be distinguished inasmuch as that case did not involve a juvenile offender, we see no reason to do so.
A.S. also contends that Judge Jones erred in denying him a jury trial because the revocation was based upon an allegation that he committed a criminal act. The Delinquency Rules, however, specifically provide that a juvenile does not have the right to a jury trial in a probation revocation hearing. Alaska Delinq.R. 24. A.S. has not cited any authority which would cause us to question the rule's constitutionality, and we see no other reason why the rule should not be followed.
A.S. also argues that Judge Jones erred in rejecting A.S.'s self-defense claim by a preponderance of evidence standard. A.S. points out that, had he been charged in a separate delinquency petition, rather than for a probation violation, the state would have had to have proven the case against him, including rejecting his self-defense claims, by a beyond a reasonable doubt standard. Weston v. State, 682 P.2d 1119, 1122-23 (Alaska 1984); Brown v. State, 698 P.2d 671, 674 (Alaska App. 1985) (once some evidence places self-defense in issue state must disprove the existence of the defense beyond a reasonable doubt). A.S. claims this is a denial of equal protection and a violation of due process. The state points out, however, that the legislature could constitutionally require a defendant to prove a self-defense claim by a preponderance of evidence, at least under the federal constitution. Martin v. Ohio, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). Delinquency Rule 24 provides for a preponderance of evidence standard in probation revocations. This rule does not appear to be unconstitutional, and we see no reason why the trial court should not have followed the rule.
We accordingly find no error and AFFIRM Judge Jones' decision.