### In re Richard T. ADAMS, Richard D. Adase, Keith W. Beers, et al., Petitioners.

### No. 1527, Docket 82–3041.

United States Court of Appeals, Second Circuit.

Argued July 16, 1982.

Decided Aug. 9, 1982.

Before CARDAMONE and WINTER, Circuit Judges, and MALETZ,* Judge, United States Court of International Trade.

PER CURIAM:

Petitioners are former air traffic controllers employed by the Federal Aviation Administration who were dismissed because of their participation in an illegal strike in the late summer of 1981. Various claims are made that at the time of their alleged participation in the strike, certain of petitioners were out on approved annual leave, were hospitalized, were on sick leave or have other meritorious claims. Petitioners assert that the Merit Systems Protection Board, the agency with exclusive jurisdiction to hear their appeals pursuant to 5 U.S.C. § 7701 (Supp. IV 1980), has simply refused to hold any hearings to determine the merits of these claims.

By order dated June 10, 1982 Judge Thomas C. Platt dismissed an action petitioners had filed in the United States for the Eastern District of New York which sought: (1) a writ of mandamus directing the Merit Systems Protection Board (MSPB) to process these appeals in a timely fashion, and (2) an injunction ordering petitioners reinstated pending the outcome of their appeals. When post-dismissal events led petitioners to become concerned that the MSPB would not hear their appeals until the end of this year, instead of moving, as Judge Platt had allowed, to have their case restored to the calendar, petitioners moved by order to show cause for the same relief previously requested. Judge Platt refused to sign the proposed order to show cause. Petitioners then came to this Court seeking a writ of mandamus to compel Judge Platt to hear and determine their appeals from their dismissals as air traffic controllers.

 To the extent that petitioners seek to have the MSPB process their appeals more rapidly or to be reinstated to their positions pending appeal, they are asking

Jack B. Solerwitz, Mineola, N. Y. (Solerwitz, Solerwitz & Leeds, Mineola, N. Y., on the brief), for petitioners.

Bruce Mayor, Legal Counsel, Merit Systems Protection Bd., Washington, D. C. (Evangeline W. Swift, Gen. Counsel, David Kane, Atty., Merit Systems Protection Bd., Washington, D. C., on the brief), for respondent Merit Systems Protection Bd.

Douglas N. Letter, Civ. Div., Dept. of Justice, Washington, D. C. (Edward R. Korman, U. S. Atty., E.D.N.Y., Brooklyn, N. Y., J. Paul McGrath, Asst. Atty. Gen., William Kanter, Civ. Div., Dept. of Justice, Washington, D. C., on the brief), for intervenor Federal Aviation Admin.

* The Honorable Herbert N. Maletz, Judge of the United States Court of International Trade, sitting by designation.

this Court to review Judge Platt's June 10, 1982 dismissal order. A writ of mandamus cannot be used as a substitute for an appeal from that order. *See Ex parte Fahey*, 332 U.S. 258, 259–60, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947).

To the extent that petitioners seek to have this Court order Judge Platt to assume jurisdiction over their appeals, they have the burden of showing that the duty to exercise such authority clearly and indisputably rests in the district court. *See Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 661–62, 98 S.Ct. 2552, 2556–57, 57 L.Ed.2d 504 (1978). No such showing has been made, and, indeed, none is possible. In cases such as this the Civil Service Reform Act contemplates only appeal to the MSPB expedited "to the extent practicable," 5 U.S.C. § 7701(i)(4) (Supp. II 1978, Supp. III 1979 & Supp. IV 1980), and review of final MSPB decisions by the Court of Appeals or the Court of Claims, 5 U.S.C. § 7703(b) (Supp. II 1978, Supp. III 1979 & Supp. IV 1980). Considering the six-fold increase in MSPB appeals occasioned by the controllers' dismissals, it seems that petitioners' appeals cannot practicably be further expedited. In addition, serious doubt exists as to whether there is jurisdiction in the district court to entertain this matter.

For these reasons the petition for a writ of mandamus is denied. We express no opinion as to the merits of petitioners' claims, merely noting that at oral argument it was represented that they would all be heard by the end of this year.