Gregory **WALLACE**, Jr., Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–4321.

Court of Appeals of Alaska.

May 1, 1992.

---

Philip M. Pallenberg, Asst. Public Defender, Kodiak, and John B. Salemi, Public Defender, Anchorage, for appellant.

Peter C. Gamache, Dist. Atty., Kodiak, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Gregory Wallace, Jr., was convicted of burglary in the second degree in 1989 in Juneau. Superior Court Judge Rodger W. Pegues, who resides in Juneau, sentenced Wallace. As part of Wallace's sentence, Judge Pegues placed Wallace on probation. On September 12, 1991, the state filed a petition to revoke Wallace's probation. The state filed the petition in Juneau. Wallace resided in Kodiak. Wallace requested that the case be transferred to Kodiak under Alaska Criminal Rule 20. The state agreed to the transfer, and the court transferred the case to Kodiak.

On January 10, 1992, Wallace appeared in Kodiak before Superior Court Judge Donald D. Hopwood. Wallace entered admissions to two of the five allegations in the petition to revoke probation. The state dismissed the remaining allegations.

Judge Hopwood ordered an updated presentence report. At this point, counsel for Wallace told the court that she believed that the change of venue to Kodiak had been only for the purpose of having Wallace enter admissions to the petition, but not for disposition. Judge Hopwood reviewed the court file and concluded that the change of venue to Kodiak was both for adjudication and disposition. He therefore set Wallace's sentencing for Kodiak on February 11, 1992.

On January 14, 1992, Wallace filed a notice of change of judge pursuant to Alaska Criminal Rule 25(d). On January 16, 1992, Judge Hopwood found that the notice was not timely filed. Superior Court Judge Brian C. Shortell, the Presiding Judge of the Third Judicial District, disapproved Wallace's notice of change of judge on the ground that it was not timely and that Wallace had waived his right to a peremptory challenge by appearing before Judge Hopwood on January 10, 1991. Wallace appeals to this court, contending that the trial court erred in denying his peremptory challenge.

The state contends that Wallace did not have a right to a peremptory disqualification of a judge in a probation revocation proceeding. The state points out that in *State v. Sears*, 553 P.2d 907, 910 (Alaska 1976), the supreme court decided that probation revocation proceedings were not "criminal proceedings" within the meaning of the Alaska Rules of Criminal Procedure. Furthermore, a defendant on probation does not have a right to peremptorily challenge the original sentencing judge. *Kvasnikoff v. State*, 535 P.2d 464, 466 (Alaska 1975). However, in this case Judge Hopwood is not the judge who originally sentenced Wallace.

In *Hastings v. State*, 736 P.2d 1157, 1161–62 (Alaska App.1987), we questioned whether a defendant is entitled to a peremptory challenge in a post-conviction relief proceeding. We also questioned whether Alaska Appellate Rule 216 required an expedited appeal of the denial of a peremptory challenge in such a proceeding, and whether the criminal rules, such as

Criminal Rule 25(d), applied to peremptory challenges. 736 P.2d at 1161 n. 1.

For purposes of deciding this appeal we will assume, without deciding, that Wallace had a right to a peremptory challenge in a probation revocation proceeding where the judge before whom he appeared was not the judge who originally sentenced him. However, we find that we agree with the state that a probation revocation proceeding is not a proceeding where criminal rulings apply. It follows that Wallace's right to peremptorily challenge Judge Hopwood was governed by Alaska Civil Rule 42(c) rather than Criminal Rule 25(d).

We believe that it also follows that Wallace cannot file a peremptory challenge appeal under Appellate Rule 216. Appellate Rule 216 provides for expedited appeals for extradition appeals and peremptory challenge appeals. Appellate Rule 216(b)(2) provides that a " 'peremptory challenge appeal' is an appeal by a criminal defendant from an order denying the defendant's motion for change of judge under Criminal Rule 25(d)." Since we have concluded that Wallace's right to a peremptory challenge was under Civil Rule 42(c), not Criminal Rule 25(d), Wallace is not entitled to bring a peremptory challenge appeal. Wallace's only remedy would be either to ask us to grant a petition for review to review the issue at this time, or to appeal after the probation revocation proceedings are concluded.

We believe that this decision is supported not only by the plain meaning of Appellate Rule 216(b)(2) but also by sound policy considerations. In *Morgan v. State*, 635 P.2d 472, 480–81 (Alaska 1981), the supreme court concluded that when the court denies the defendant's request for a peremptory challenge, the defendant should be allowed to file an expedited appeal under Appellate Rule 216. In *Washington v. State*, 755 P.2d 401, 403 (Alaska App.1988), we held that the defendant's exclusive remedy when the court denied his request for a peremptory challenge was to immediately file an expedited appeal under Appellate Rule 216. However, the reasoning of *Morgan* and *Washington* applies only to defen-

dants facing a criminal trial. When a defendant in a criminal case exercises a peremptory challenge, and that peremptory challenge is denied, if the trial goes forward before the challenged judge and an appellate court later reverses the trial court's denial of the peremptory challenge, it is likely that the parties will have gone through a lengthy trial proceeding that will have to be repeated. Therefore, the courts have created an expedited peremptory challenge appeal, which requires the defendant to immediately bring a peremptory challenge appeal that the court will treat on an expedited basis.

However, a probation revocation proceeding is normally less involved than a criminal trial. The defendant does not have a right to a jury trial in a probation revocation proceeding, and such proceedings are usually much less time consuming than a criminal trial. Such proceedings may involve minor violations of probation, or the trial judge may find no violation at all. Furthermore, even if the trial judge finds a violation, the judge may decide not to make any significant change in the defendant's probation. *See Trumbly v. State*, 515 P.2d 707, 709–10 (Alaska 1973). Under these circumstances, it appears to us that where the court denies the probationer's peremptory challenge, the better policy is to allow the court to proceed through the probation revocation to its conclusion. After the conclusion of the probation revocation proceeding, the defendant may appeal from the trial court's denial of a peremptory challenge. If there are strong reasons for this court to consider the trial court's denial of a peremptory challenge before the conclusion of the probation revocation proceeding, the defendant can petition for review to this court.

We accordingly conclude that a probation revocation proceeding is not a criminal proceeding for purposes of applying Criminal Rule 25(d), the peremptory challenge provision under the criminal rules. Accordingly, Wallace's right to peremptorily challenge Judge Hopwood arose under Civil Rule 42(c). Wallace therefore had no right to appeal Judge Hopwood's denial of his per-

emptory challenge as an expedited appeal under Appellate Rule 216. Wallace must either file a petition for review to this court asking us to hear his peremptory challenge appeal as an interlocutory appeal, or wait until Judge Hopwood issues a final judgment on his probation revocation and appeal from that judgment. We accordingly conclude that we must dismiss Wallace's appeal.

The appeal is DISMISSED.