**Jack A. OZENNA, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–06265.

Court of Appeals of Alaska.

July 23, 1996.

James A. Wendt, Office of Public Advocacy, Anchorage, for Appellant.

Cynthia M. Hora, Office of State Pros. Atty., Anchorage, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### Order [1]

The state has moved for full-court reconsideration of the single-judge order entered on June 28, 1996, granting Ozenna's motion to accept his late-filed notice of appeal. We grant the state's motion for full-court reconsideration and conclude that the motion to accept Ozenna's late notice of appeal should be granted for the reasons stated in the June 28 single-judge order.

In its motion for reconsideration, the state argues that Appellate Rule 502(b) should be narrowly construed to authorize appellate courts to extend a time period "only within the limits permitted by Appellate Rule 521."

1. Published pursuant to the Guidelines for Publication of Court of Appeals Decisions (Court of Appeals Order No. 3).

The state argues that this narrow interpretation is necessary to reconcile the two rules and give effect to chapter 79, section 21, SLA 1995—the statute enacting the current form of Appellate Rule 521.

When Appellate Rule 502(b) was adopted, however, Appellate Rule 521 specified no time limits governing an appellate court's authority to extend the time for filing a notice of appeal. Accordingly, in originally promulgating Rule 502(b), the Alaska Supreme Court could not have intended to subject the powers granted therein to any time limitation stated in Rule 521.

The state's request for a narrowing interpretation of Rule 502(b) thus seems directed at implementing legislative intent in enacting chapter 79, section 21, SLA 1995, rather than at reflecting the supreme court's intent in adopting Rule 502(b). For this reason, the request is in effect an argument that chapter 79, section 21, SLA 1995 should be construed to have impliedly amended Rule 502(b).

But the Alaska Supreme Court has made it clear that the doctrine of implied repeal or amendment does not apply to legislation affecting procedural rules adopted by the court. Because article IV, section 15 of the Alaska Constitution expressly gives rule-making power to the supreme court rather than the legislature, the supreme court has held that a statute dealing with a procedural matter will not alter a conflicting rule of court unless the statute is enacted with the stated purpose of changing that rule. *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1047 (Alaska 1981); *Leege v. Martin*, 379 P.2d 447, 451 (Alaska 1963). As the court said in *Nolan*, "we need not look to the legislature's intentions to discern whether it has attempted to prescribe a different procedure than that contained in a court rule, unless the legislature has acted in the requisite manner[.]" 627 P.2d at 1046.

In enacting chapter 79, section 21, SLA 1995, the legislature specifically stated its intent to amend Appellate Rule 521. It did not specifically state a similar intent to amend or limit Appellate Rule 502. We assume that the legislature's failure to address Rule 502 was an oversight and that it would have intended the provisions of Rule 521 to govern over those of Rule 502.[2] However, *Nolan* and *Leege* preclude this court from relying on our perception of probable legislative intent as a basis for construing Rule 502 to have been amended.

For the reasons stated in this court's order of June 28, 1996, we grant the motion to accept Ozenna's late notice of appeal.

Entered by direction of the court.

MANNHEIMER, Judge, concurring.

The state has moved for full-court reconsideration of the single-judge order entered on June 28, 1996, granting Ozenna's motion to accept his late-filed notice of appeal. I join my colleagues in concluding that Ozenna's motion to accept a late-filed appeal should be granted under the authority of Appellate Rule 502(b).

In chapter 79, section 21, SLA 1995, the legislature amended Appellate Rule 521—the rule allowing any other appellate rule to be relaxed "where a strict adherence to [the rule] will work surprise or injustice". As amended by the legislature, in litigation involving the validity of a criminal judgement or sentence, Rule 521 "does not authorize an appellate court ... to allow [a] notice of appeal [or] a petition for review or petition for hearing to be filed more than 60 days late".

The State contends that the legislature, by enacting this amendment to Rule 521, clearly expressed its intention that no criminal appeal should be filed more than 60 days late. I disagree.

2. For this reason, in ruling on a request to accept a late notice of appeal, we think it highly relevant to consider the restrictions stated in the amended version of Rule 521 and to exercise restraint in light of those restrictions. In the present case, we do not exercise our authority under Rule 502(b) lightly. It appears highly likely to us that Ozenna is entitled to restoration of his appellate rights as a constitutional matter. Because the state has not challenged, or even alleged any desire to challenge, Ozenna's factual assertions on their merits, we see little purpose to be served in requiring him to pursue a costly and time consuming post-conviction relief action to assert his right to appeal.

Appellate Rule 502(b) is the provision of the appellate rules that expressly governs extensions of time. Rule 502(b) declares that an appellate court can extend any time limit fixed by the appellate rules, and can validate any act performed outside the established time limits, upon a showing of good cause.

Because Appellate Rule 502(b) and Appellate Rule 521 were enacted simultaneously (by Supreme Court Order 439, effective November 15, 1980), they presumedly are not redundant. Examination of the two rules bears this out; they address different concerns. Rule 502(b) allows time limits to be relaxed when good cause is shown. In cases where there is no good cause (for example, cases of unexcused attorney neglect), Rule 521 nevertheless allows time limits to be relaxed to prevent injustice.

The legislative amendment to Rule 521 does not forbid all extensions of time exceeding 60 days in criminal cases. Rather, chapter 79, section 21 expressly states that "this rule"—that is, Rule 521—does not authorize extensions of more than 60 days in criminal cases. The legislature was silent regarding Rule 502(b). From this, one can reasonably conclude that the legislature did not intend to forbid all extensions of time exceeding 60 days, but rather intended to forbid an extension of time exceeding 60 days if the moving party failed to demonstrate good cause— because it is only when there is no good cause for the extension that Rule 521 must be invoked.

Moreover, even assuming that the legislature had clearly expressed its intention to forbid any and all extensions of time exceeding 60 days, the fact remains that the legislature did not alter Appellate Rule 502(b). Rule 502(b) continues to authorize extensions of time without the 60-day limitation.

The State argues that, where legislative intention is clearly expressed, court rules must be harmonized with the legislature's desire. This argument was squarely rejected in *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035 (Alaska 1981).

The litigation in *Nolan* involved a recent legislative revision of the law governing class actions. A new statute, AS 23.10.130(b), clearly provided that the filing of a class action tolled the statute of limitations only with respect to the named plaintiffs, not the entire class. Civil Rule 23, on the other hand, incorporated the rule that the filing of a class action tolled the statute of limitations with respect to all class members, whether or not they were specifically named in the lawsuit. *Nolan*, 627 P.2d at 1040–42.

When the legislature enacted AS 23.10.130(b), they did not comply with the procedural requirements established in *Leege v. Martin*, 379 P.2d 447 (Alaska 1963), for altering a court rule. Because the statute failed to meet those procedural requirements, the supreme court held that the statute had no effect on the rule. Even though the legislature had clearly expressed its intention to adopt a contrary rule regarding the statute of limitations, the supreme court held that the legislature's intention was irrelevant:

> In Alaska, [the supreme court] is given exclusive, initial power to make rules governing practice and procedure[,] and we need not look to the legislature's intentions to discern whether it has attempted to prescribe a different procedure than that contained in a court rule, unless the legislature has acted in the requisite manner to change a rule. Here the legislature plainly intended not to allow the tolling, but [that statute, because it is procedural,] need not be given effect.

*Nolan*, 627 P.2d at 1046.

Thus, I join the court's decision to allow Ozenna to file a late appeal for two reasons. First, because Appellate Rule 502(b) and Appellate Rule 521 address different concerns, the legislature's decision to restrict the courts' authority under Rule 521 does not indicate a concurrent intention to restrict the courts' authority under Rule 502(b). Second, even if the legislature had plainly expressed its intention to forbid any criminal appeal or petition from being filed more than 60 days late, the legislature took no action to amend Appellate Rule 502(b). Under *Leege* and *Nolan*, Rule 502(b) remains unaffected by chapter 79, section 21, SLA 1995.