Rodney Gene LAMBERT, Petitioner,

v.

STATE of Alaska, Respondent.

No. A–8221.

Court of Appeals of Alaska.

April 26, 2002.

John C. Pharr, Anchorage, for Petitioner.

James L. Hanley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In June 2001, the superior court revoked Rodney Gene Lambert's probation and sentenced him to serve an additional 2½ years in prison. Lambert did not appeal this sentence. But seven months later, in January 2002, Lambert filed the present original application for relief under Alaska Appellate Rule 404, asking us to declare that his sentence is excessive. The question is whether Lambert is entitled to challenge his sentence by pursuing an original application for relief under Appellate Rule 404. For the reasons explained here, we hold that Appellate Rule 404 can not be used as a vehicle for pursuing an untimely appeal. We therefore deny Lambert's application.

*Underlying facts: why Lambert's normal avenue for relief would have been a sentence appeal, and why we can not deem Lambert's petition to be a late-filed sentence appeal*

In December 1997, Lambert was convicted of four crimes: felony driving while intoxicat-

---

ed (case number 3PA–97–742 Cr), and driving with a revoked license, resisting arrest, and making a false report (case number 3AN–97–3553 Cr). Lambert received a composite sentence of 6½ years' imprisonment with 2½ years suspended—4 years to serve. The written judgements in both cases were distributed on January 13, 1998. Lambert did not appeal.

Lambert served his prison sentence and was released on probation. However, in early 2001, the State filed a petition to revoke Lambert's probation. On May 21, 2001, the court held a hearing on the State's allegations and found that Lambert had violated the conditions of his probation. The court then concluded that Lambert was "not amenable to probation" and that Lambert should be ordered to serve all of his remaining suspended time (2½ years) to "satisfy [the sentencing goals of] community condemnation and general deterrence and isolation". The two sentencing orders (one for each underlying case) were distributed on June 6, 2001. Again, Lambert did not appeal.

Seven months later, on January 17, 2002, Lambert filed the present original application for relief under Appellate Rule 404. In this application, Lambert contends that his composite sentence (which now amounts to 6½ years to serve) is excessive. Alternatively, Lambert argues that the court failed to support the sentence with the finding required by *Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977)—a finding that a sentence in excess of 5 years' imprisonment (the maximum term of imprisonment for Lambert's most serious offense) was needed to protect the public.

The State opposed Lambert's application, arguing that Lambert was improperly trying to use Appellate Rule 404 as a means of filing a late sentence appeal. After we received the State's response, we directed Lambert to reply to the State's argument.

■ In his reply, Lambert first argues that he should be allowed to pursue an original application for relief because he had no

right to appeal the superior court's imposition of the remaining 2½ years of imprisonment in June 2001. This is not correct. Revocation of probation is a "final judgement" for purposes of appeal. As the Alaska Supreme Court stated in *State v. Devoe*, 560 P.2d 12, 14 n. 9 (Alaska 1977), "There is no question that [an] order [deciding a] petition to revoke probation is a 'final judgment' and [is], therefore, ... appealable".[1] Thus, Lambert had a right to appeal the superior court's probation revocation sentencing decision.

Under Alaska Appellate Rule 215(c), Lambert's sentence appeal had to be filed within 30 days from the superior court's distribution of the written judgement. The superior court's judgement was distributed on June 6, 2001, so Lambert's sentence appeal was due on or before Friday, July 6, 2001.

■ Lambert argues that even if he had the right to appeal the probation revocation sentencing decision, we should now allow him to file a late sentence appeal. Citing Alaska Appellate Rule 502(b) and our decision in *Ozenna v. State*, 921 P.2d 640 (Alaska App. 1996), Lambert argues that there is good cause to allow him to file a late appeal—a purported "breakdown in communication between [Lambert] and his prior counsel".

The problem with Lambert's argument is that, following our decision in *Ozenna*, the legislature amended Appellate Rule 502(b) to forbid us from extending a filing deadline by more than 60 days. *See* 1998 SLA, ch. 95, § 10. Appellate Rule 502(b) now ends with the following sentence:

> In a matter requesting review of or appealing a criminal conviction or sentence, this rule does not authorize an appellate court ... to validate the filing of a notice of appeal, petition for review, or petition for hearing more than 60 days after the expiration of the time specified [by] rule or statute or in the last extension of time previously granted.

**1.** *See also Wallace v. State*, 829 P.2d 1208, 1211 (Alaska App.1992) (referring to, and relying on, the fact that a defendant can appeal the final judgement in a probation revocation proceed-

ing); *Hoffman v. State*, 404 P.2d 644, 647 (Alaska 1965) (allowing an appeal from a revocation of the defendant's probation).

Lambert's sentence appeal was due on or before July 6, 2001. Appellate Rule 502(b) declares that we can not relax that deadline by more than 60 days. The extra 60 days expired on Tuesday, September 4, 2001. Thus, we are without authority to grant Lambert's request to accept a late-filed sentence appeal.

*Is Lambert entitled to pursue his excessive sentence claim as an original application for relief under Appellate Rule 404?*

The remaining question is whether Lambert is entitled to pursue relief under Appellate Rule 404 because he has allowed his normal right of appeal to lapse. Rule 404(a)(1) states that an original application for relief is available "whenever relief ... cannot be obtained through the process of appeal, petition for review, or petition for hearing". In Lambert's case, relief was earlier available through the process of appeal, but Lambert can no longer pursue an appeal because he waited too long. Does this fact now give Lambert the right to pursue an original application for relief? We conclude that it does not.

Appellate Rule 404 was intended to establish a procedure for the appellate courts to exercise their plenary power of supervision over all matters within their jurisdiction (even when relief is not available through appeal or petition for review). This plenary power was originally codified in Supreme Court Rule 23, enacted as part of Supreme Court Order No. 1 (September 25, 1959). The last paragraph of former Supreme Court Rule 23 authorized litigants to file petitions for review seeking any "[r]elief heretofore available by writs of review, certiorari, mandamus, prohibition, and other writs necessary or appropriate to the complete exercise of this court's jurisdiction".

In 1973, when the Supreme Court extensively revised the rules of appellate procedure (and changed their name from the "Rules of the Supreme Court" to the "Rules of Appellate Procedure"), this concept of plenary supervisory power was codified in a new Appellate Rule 25. Appellate Rule 25(a) created a new procedural vehicle: the "original application" for "relief heretofore available by writs authorized by law".[2]

Seven years later, when the Appellate Rules were recodified in 1980 (see Supreme Court Order No. 439, effective November 15, 1980), Appellate Rule 25(a) was superseded by Appellate Rule 404(a). Appellate Rule 404(a) no longer refers to "writs"; instead, the rule simply states that an appellate court (or any judge of that court) can grant "relief ... in any matter within [the court's] jurisdiction". The revisor of the rules, Clerk of Court Robert D. Bacon, stated that he chose to delete the phrase "writs authorized by law" because he viewed this language as merely exemplary of, and not a limitation on, the appellate courts' plenary power to supervise all matters within their jurisdiction. *See Revised Rules of Appellate Procedure* (1980), Comment to Rule 404, third paragraph.

Thus, Appellate Rule 404 recognizes an appellate court's authority to fashion wide-ranging or extraordinary relief. But Appellate Rule 404(a) echoes its predecessor, former Appellate Rule 25(a), in declaring that this plenary authority is to be "sparingly exercised". One of the principal limitations is that an original application for relief is not to be used as a substitute for other appellate procedures.

This limitation was implicit in former Appellate Rule 25(a)(2), which declared that a litigant pursuing an original application for relief had to "set forth with particularity why the relief sought [was] not available in any other court, or [could not] be had through appellate processes of appeal or petition for review". The limitation is now explicit in Appellate Rule 404(a)(1), which states that original relief is appropriate only "when[ ] relief ... cannot be obtained through the process of appeal, petition for review, or petition for hearing".

(Similar language was suggested by Mr. Bacon in his 1980 draft revision of the appellate rules. Mr. Bacon noted that this limitation was implicit in the supreme court's prior discussions of its plenary power in *State v. Clayton*, 584 P.2d 1111, 1111–12 n. 1 (Alaska 1978), and *Continental Insurance Compa-*

---

**2.** *See* Supreme Court Order No. 160 (effective March 15, 1973).

*nies v. Bayless & Roberts, Inc.*, 548 P.2d 398, 401 n. 3 (Alaska 1976). *See Revised Rules of Appellate Procedure* (1980), Comment to Rule 404, fourth paragraph.)

The Alaska Supreme Court has consistently applied this limiting principle when deciding whether a party has properly invoked its authority under Appellate Rule 404 (or Rule 404's predecessor, Appellate Rule 25). In *Surina v. Buckalew*, 629 P.2d 969 (Alaska 1981), *Carr v. Thomas*, 586 P.2d 622 (Alaska 1978), and *Alaska Public Defender Agency v. Superior Court, First Judicial District*, 584 P.2d 1106 (Alaska 1978), the court allowed litigation to proceed as an original application for relief when, because of the issue presented or the parties involved in the dispute, relief was not available through the normal processes of appeal or petition.[3]

There is no Alaska appellate decision that deals directly with the situation presented in Lambert's case: an original application for relief brought by a litigant who has allowed the time for filing an appeal to expire. But there are federal decisions on this subject.

Alaska Appellate Rule 404 is a close cousin of the federal "All Writs Act", 28 U.S.C. § 1651(a), which provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

This statute authorizes the federal courts to issue virtually any type of remedial order in a case that is either currently or prospectively within the court's jurisdiction.[4] However, the writs authorized by this statute are not "a mere substitute for appeal", and relief by writ "is not authorized simply because ... review seems desirable to the [appellate] court ... in a situation in which there is no basis for [an appeal from a] final judgment or [an] interlocutory appeal".[5]

More specifically, the federal courts hold that judicial review by writ is not available when the petitioner could have, but did not appeal the decision they are now challenging.[6] In *Helstoski v. Meanor*, 442 U.S. 500, 505–08, 99 S.Ct. 2445, 2448–49, 61 L.Ed.2d 30, 35–37 (1979), the Supreme Court held that a writ of mandamus will not be granted if the petitioning party could have appealed the lower court's action but failed to do so. And federal circuit courts of appeal have reached similar conclusions: a petition for writ of mandamus can not be used as an alternative means for pursuing an appeal that is time-barred.[7]

This court has adopted an analogous rule in slightly different contexts. In *Hertz v. State*, 8 P.3d 1144, 1147–49 (Alaska App. 2000), we held that a defendant who was procedurally barred from pursuing a petition

---

**3.** In *Surina v. Buckalew*, 629 P.2d at 972–73, the court held that an original application for relief was proper when the State wished to challenge the superior court's ruling on the type of immunity to be extended to a witness:

> [W]e agree with the state's position that[,] in view of the fact that there is no formal proceeding in the trial court against the witness John Doe, the real party in interest, a petition for review pursuant to former Alaska [Appellate Rules] 23 and 24 is inappropriate. Further, the type of relief requested is that formerly categorized under the writ of mandamus. As such, the proper procedure to obtain our discretionary review is, under former Alaska [Appellate Rule] 25 (now Alaska [Appellate Rule] 404), an original application for relief.

In *Carr v. Thomas*, 586 P.2d at 622–23, the supreme court declared that Appellate Rule 25 was the proper means of exercising the court's statutory power to review a decision of the Lieutenant Governor to count certain questioned ballots.

And in *Public Defender Agency v. Superior Court*, 584 P.2d at 1109, the court held that, because the indigent defendant involved in the underlying litigation did not wish to appeal, the Public Defender Agency properly pursued an original application for relief to challenge the superior court's ruling that the Agency had no authority to provide representation to an indigent charged with violating a municipal ordinance.

**4.** *See* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* (2nd ed.1996), Jurisdiction, § 3932, Vol. 16, p. 471.

**5.** *Id.*

**6.** *See id.*, § 3932.1, Vol. 16, p. 497.

**7.** *See Calderon v. District Court*, 137 F.3d 1420, 1422 (9th Cir.1998); *Demos v. District Court*, 925 F.2d 1160, 1161 & n. 3 (9th Cir.1991); and *In re Adams*, 686 F.2d 108, 110 (2nd Cir.1982).

for post-conviction relief could not re-package the same claims as a petition for writ of habeas corpus. And in *Higgins v. Briggs*, 876 P.2d 539, 543 (Alaska App.1994), we held that a prisoner who inexcusably failed to appeal "[could] not thereafter take advantage of [their] own neglect to justify a collateral attack on [the] conviction or sentence (by arguing that the requested collateral attack must be allowed since the right to appeal has expired)".[8]

 Based on these prior decisions, and on the federal decisions we have referred to, we conclude that Lambert can not obtain appellate review of his sentence by filing an original application for relief. As explained above, Lambert had the right to appeal the sentence he received last year when his probation was revoked and the superior court imposed his previously suspended jail time. But Lambert allowed his right of appeal to lapse. Appellate Rule 404 was not intended to serve as a procedural vehicle for pursuing an untimely appeal.

Lambert suggests that his failure to file a sentence appeal can be attributed to a "breakdown in communication between himself and his prior [attorney]". If so, and depending on what Lambert means by "breakdown in communication", Lambert may have a claim for post-conviction relief. But we hold that Lambert can not obtain review of his sentence under Appellate Rule 404.

Lambert's original application for relief is DENIED.

---

8. *See also Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067, 1077 n. 10 (1976) ("[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."); *Sunal v. Large,* 332 U.S. 174, 182–84, 67 S.Ct. 1588, 1593, 91 L.Ed. 1982, 1989 (1947) (absent exceptional circumstances, the remedy of habeas corpus is not available to defendants "who accept the judgment of [the trial court] and do not appeal"); *Billings v. Maass,* 86 Or.App. 66, 738 P.2d 222, 223 (1987) ("The remedy of habeas corpus is not available to parties who neglect to seek appellate review of the challenged decision.").