NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MARK ALAN DOWNS,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11329
Trial Court No. 3PA-10-2351 CR

O P I N I O N

No. 2451 — April 24, 2015

Appeal from the District Court, Third Judicial District, Palmer, John Wolfe, Judge.

Appearances: Catherine Boruff, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Lindsey M. Burton, Assistant District Attorney, Palmer, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge KOSSLER.

The State charged Mark Alan Downs with driving with a revoked license. Downs filed a motion to suppress the evidence against him, arguing that the police did not have reasonable suspicion to stop him. The district court denied Downs's motion, and Downs filed a petition for review in the superior court. The superior court granted Downs's petition and then affirmed the district court's ruling on its merits. Downs did

not seek further appellate review at that time. Instead, he went to trial and was convicted of driving with a revoked license.

Downs now appeals his conviction, arguing for a second time that the district court erred in denying his motion to suppress. Because Downs previously litigated this issue and obtained an appellate decision on the merits, he is precluded from raising the same issue now.

The "law of the case" doctrine restricts the relitigation of issues that were decided in an earlier appeal in the same case. The doctrine is grounded in the principle of stare decisis.[1] As the Alaska Supreme Court has explained, "Previous decisions on such issues — even questionable decisions — become the law of the case and should not be reconsidered on remand or in a subsequent appeal except where there exist exceptional circumstances presenting a clear error constituting a manifest injustice."[2] The policies underlying this doctrine include avoiding open-ended litigation of the same issue, fostering consistent results in the same litigation, ensuring procedural fairness, and promoting judicial efficiency.[3]

In this case, Downs chose to pursue interlocutory review of the district court's suppression ruling. In seeking interlocutory review, Downs had the choice to file his petition for review in the superior court or in this Court.[4] He chose to file his petition in the superior court, which granted his petition and affirmed the district court's ruling

---

[1]   *Beal v. Beal*, 209 P.3d 1012, 1016 (Alaska 2009); *see also Hurd v. State*, 107 P.3d 314, 328 (Alaska App. 2005).

[2]   *Beal*, 209 P.3d at 1016-17 (original quotation marks and citations omitted).

[3]   *Petrolane Inc. v. Robles*, 154 P.3d 1014, 1026 (Alaska 2007), *quoted in Beal*, 209 P.3d at 1017.

[4]   Alaska R. App. P. 402(a)(2); AS 22.10.020; AS 22.07.020.

on its merits.  Downs could have sought review of the superior court's decision by filing a petition for hearing in this Court, but he chose not to.[5]

The superior court's appellate ruling was thus a final decision that became the law of the case.  As we have explained, the law of the case doctrine restricts Downs's ability to obtain a second appellate review of the district court's ruling unless "there exist exceptional circumstances presenting a clear error constituting a manifest injustice."[6]  We conclude that Downs has not met this burden.

Downs alternatively asks us to accept his current appeal as an untimely petition for hearing from the superior court's appellate decision.  At the time of the superior court's appellate decision, Alaska Rule of Appellate Procedure 303(a)(1) provided that a petition for hearing could be filed within fifteen days of the date of notice of the decision of the intermediate appellate court.[7]  Downs's petition for hearing was accordingly due by September 14, 2011.[8]  Appellate Rule 502(b) prohibits us from relaxing that deadline by more than sixty days.  That sixty days expired on November 14, 2011.  We do not have jurisdiction to accept Downs's appeal as a petition for hearing.[9]

---

[5]   Alaska R. App. P. 302(b)(1).

[6]   *Beal*, 209 P.3d at 1017 (internal quotation marks and original citations omitted).

[7]   Alaska Appellate Rule 303 has since been amended to allow thirty days for the filing of a petition for hearing.

[8]   Alaska R. App. P. 302(b); former Alaska R. App. P. 303(a)(1) (petition for hearing must be filed within fifteen days after the date of notice); Alaska R. Crim. P. 32.3(b)(2) (date of notice is the date of distribution).

[9]   *See Lambert v. State*, 45 P.3d 1214, 1215-16 (Alaska App. 2002) (holding that this Court did not have jurisdiction to hear an untimely sentence appeal filed more than sixty days after the filing deadline).

*Conclusion*

We AFFIRM the judgment of the district court.