NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

NORMAN MCDANIELS,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12614
Trial Court No. 3PA-00-01813 CR

O P I N I O N

No. 2658 — October 11, 2019

Appeal from the Superior Court, Third Judicial District, Anchorage, Jack W. Smith, Judge.

Appearances:  Mary Fleming Burnell, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.  Patricia L. Haines, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before:  Allard, Chief Judge, Harbison, Judge, and Coats, Senior Judge.[*]

Judge HARBISON.

_____

[*]    Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

Norman McDaniels appeals the revocation of his probation. At McDaniels's revocation hearing, a police officer testified that McDaniels had contacted an individual, L.G., in violation of a protective order. The officer stated that he learned this information from a conversation with L.G., but the State did not call L.G. to testify and did not introduce any additional evidence supporting the officer's testimony. On appeal, McDaniels argues that it was error to allow the officer to testify about the hearsay statements of a witness who was not present for McDaniels to confront and cross-examine.

We agree. Although it is well established that neither the Alaska Rules of Evidence nor the Confrontation Clause apply to probation revocation proceedings, it is equally well established that defendants in probation revocation proceedings have a due process right to confront witnesses against them unless the State demonstrates that there is good cause to deny them that right.[1] In this case, the superior court made no finding that there was good cause to deny McDaniels the right to confront L.G. This was error. We therefore vacate the revocation of McDaniels's probation. We also take this opportunity to explain the test for determining the existence of "good cause."

*Factual and procedural background*

McDaniels was on probation for first-degree sexual abuse of a minor. In October 2015, the State filed a petition to revoke McDaniels's probation, alleging that he violated the terms of a domestic violence protective order by calling and texting L.G. (the person protected by the order). The court held an evidentiary hearing to adjudicate the allegations in the petition.

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

The State's only evidence of the alleged probation violation was the testimony of the investigating police officer, who summarized the statements made by L.G. and the information the officer saw on L.G.'s telephone screen. L.G. did not testify at the adjudication hearing, and no photographs of the telephone screen were offered into evidence.

McDaniels objected to the admission of the officer's hearsay testimony prior to the hearing. In response to McDaniels's hearsay objection, the prosecutor pointed out that the rules of evidence do not apply to probation revocation proceedings. The prosecutor acknowledged, however, that there is a "generalized due process right to ensure that the evidence is reliable," and he suggested that the issue be revisited after the court had heard the evidence.

The court agreed to revisit the issue after the evidence was presented. But at the close of evidence, the court did not return to the issue, and defense counsel did not renew any hearsay or due process objection.

After the hearing, McDaniels filed a "Motion for Reconsideration of Court's Adjudication Finding." In the motion, McDaniels argued that, absent a specific finding of good cause for not allowing confrontation, the right to confront and cross-examine adverse witnesses is a minimal due process right applicable to all probation and parole revocation proceedings. McDaniels contended that when the superior court relied on the hearsay statements of L.G. to find that he violated his probation, the court denied him this right without good cause for doing so.

The court denied McDaniels's motion in a short written order stating that the rules of evidence were inapplicable to probation revocation hearings, that the police officer was credible, and that McDaniels had an opportunity to cross-examine the police officer.

In this appeal, McDaniels contends that the superior court improperly admitted and relied on hearsay statements in violation of his constitutional due process right to confront adverse witnesses. The State responds that McDaniels did not preserve his due process objection and that L.G.'s statements had sufficient indicia of reliability to satisfy the due process right to confrontation.

*A probationer has the right to confront and cross-examine adverse witnesses unless the judge specifically finds good cause for not allowing confrontation; McDaniels preserved this argument for appeal*

The due process right claimed by McDaniels — *i.e.*, the right to confront adverse witnesses in a probation revocation proceeding absent good cause to deny confrontation — is clearly recognized by the United States Supreme Court. More than forty years ago, in *Morrissey v. Brewer*, the Supreme Court established a set of minimum due process rights that apply in the context of parole hearings.[2] And just one year later, in *Gagnon v. Scarpelli*, the Supreme Court extended these same requirements to probation revocation hearings.[3] These rights include, among others, "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."[4]

(We emphasize that this is a *due process* right. It does not derive from the Confrontation Clause of either the United States or Alaska constitutions because the Confrontation Clause applies only to "criminal prosecutions,"[5] and "[a] probation

---

[2]   *Morrissey*, 408 U.S. at 489.

[3]   *Gagnon*, 411 U.S. at 782.

[4]   *Morrissey*, 408 U.S. at 489.

[5]   U.S. Const. amend. VI; Alaska Const. art. I, § 11; *see also Blanks v. State*, 137 A.3d

(continued...)

revocation hearing is not a criminal proceeding.'[6] Nor is this right based on the Alaska Rules of Evidence, which also do not apply to probation revocation proceedings.[7])

There is also little dispute that McDaniels was denied this right in his case: he was never allowed to confront L.G., and the superior court never found that good cause existed to deny him his right to confrontation.

But the State nevertheless argues that we should affirm the revocation of McDaniels's probation on the ground that McDaniels failed to preserve his due process argument for appeal. We disagree.

To preserve an issue for appeal, an appellant must obtain an adverse ruling.[8] Here, the parties agreed that the court would address McDaniels's due process concerns after testimony was presented. This never occurred during the evidentiary hearing, at least in part because defense counsel failed to request a ruling on this issue after testimony was presented.

But after the hearing, McDaniels filed a motion for reconsideration. The motion asked the court to reconsider its adjudication finding and specifically argued that the court had denied him the due process right to confront adverse witnesses.

---

[5] (...continued)
1074, 1086 (Md. Spec. App. 2016) (noting that all of the federal circuit courts of appeal have concluded that the Confrontation Clause of the United States Constitution does not apply to probation revocation proceedings); *Luch v. State*, 413 P.3d 1224, 1235 (Alaska App. 2018) (declining to interpret the Confrontation Clause of the Alaska Constitution more broadly than the federal constitution).

[6] *Trumbly v. State*, 515 P.2d 707, 709 (Alaska 1973).

[7] Alaska Evid. R. 101(c)(2).

[8] *Mahan v. State*, 51 P.3d 962, 966 (Alaska App. 2002).

We have held that "a court '[is] under no obligation to consider an issue raised for the first time in a motion for reconsideration' — and if the trial court decides not to address a newly raised issue, that issue can not be pursued on appeal."[9] But the due process issue was not raised for the first time in the motion for reconsideration. Rather, it was raised at the beginning of the revocation hearing, and the court agreed that it would address the issue after evidence had been presented. Furthermore, the superior court addressed the issue on the merits in its written order resolving McDaniels's motion for reconsideration. McDaniels both raised and obtained an adverse ruling on his due process argument below. Thus, we see no barrier to our consideration of this issue on appeal.[10]

Given our conclusions above — that a due process right to confrontation exists, that McDaniels was denied that right, and that McDaniels preserved this issue for appeal — we now vacate McDaniels's revocation. On remand, the superior court shall allow the parties to litigate the alleged probation violations in light of the guidance provided by this opinion.

*The analysis that should be used by trial courts to determine whether there is good cause to dispense with the due process right to confrontation*

As we stated earlier, defendants in probation revocation proceedings have a due process right to confront witnesses against them unless the State demonstrates that there is good cause to deny them that right.

---

[9] *Cooper v. Dist. Court*, 133 P.3d 692, 715-16 (Alaska App. 2006) (quoting *Blackburn v. Dep't of Transp. & Pub. Facilities*, 103 P.3d 900, 906 (Alaska 2004)).

[10] *See Mahan*, 51 P.3d at 966 (citing examples of cases where, in contrast, "a defendant who chooses to proceed without demanding a ruling from the court waives the potential claim of error").

Until recently, the test for "good cause" was disputed at the federal circuit level.[11] Some federal courts applied the "reliability test," which "allows the admission of hearsay evidence without a showing of cause for the declarant's absence if the evidence is sufficiently reliable."[12]

Other federal courts applied the "balancing test," requiring courts to weigh the probationer's interest in confrontation against the government's good cause for denying it — that is, the government's reasons for not producing the witness.[13] The probationer's interest in confronting adverse witnesses turns on both the importance and the nature of the hearsay evidence (*i.e.*, its reliability and accuracy).[14] The probationer's interest is highest when the hearsay statements at issue are crucial to the court's ultimate findings yet not demonstrably reliable.[15]

Under both approaches, the reliability of the evidence is an important factor in determining the strength of a releasee's confrontation right,[16] but under the reliability test, the reliability of the evidence is itself sufficient to deny confrontation.[17] Under the

---

[11] *United States v. Jones*, 818 F.3d 1091, 1099 (10th Cir. 2016) (listing cases).

[12] *Curtis v. Chester*, 626 F.3d 540, 545 (10th Cir. 2010); *Kell v. U.S. Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994).

[13] *E.g.*, *United States v. Comito*, 177 F.3d 1166, 1170-73 (9th Cir. 1999); *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994).

[14] *Comito*, 177 F.3d at 1171.

[15] *Id.*

[16] *Curtis*, 626 F.3d at 546.

[17] *Id.*

balancing test, by contrast, the State must explain why the witness cannot testify (*i.e.*, the "good cause" to deny confrontation).[18]

The State asserts that there continues to be a federal circuit split about which test to apply. But in 2002, Federal Rule of Criminal Procedure 32.1(b)(2)(C) was amended to state that a person subject to a revocation hearing is entitled to question adverse witnesses "unless the court determines that the interest of justice does not require the witness to appear."[19] Courts have interpreted this rule change as an endorsement of the balancing test and, as a result all federal circuit courts now analyze the existence of good cause using the balancing test.[20]

Because this is an issue of first impression in Alaska and there is no statute to guide us, we must employ our common-law power to declare the law in the absence of a statutory directive.[21] Adopting "the rule of law that is most persuasive in light of precedent, reason, and policy,"[22] we conclude that Alaska courts should follow federal courts and apply the balancing test to determine whether good cause exists. In other words, Alaska courts should weigh the probationer's right to confrontation against the government's reasons for not producing the witness.

---

[18] *Comito,* 177 F.3d at 1171-73 (citing *United States v. Martin*, 984 F.2d 308, 310-11 (9th Cir. 1993)). *But see United States v. Lloyd*, 566 F.3d 341, 345 (3d Cir. 2009) (adopting the balancing test but noting that in some cases, a "releasee's interest in confrontation may be overwhelmed by the hearsay's reliability such that the [State] need not show cause").

[19] Fed. R. Crim. P. 32.1(b)(2)(C).

[20] *United States v. Jones*, 818 F.3d 1091, 1099 (10th Cir. 2016) ("join[ing] the other circuits and conclud[ing] the balancing test applies when determining a releasee's confrontation rights at a revocation hearing").

[21] *Edwards v. State*, 34 P.3d 962, 968 (Alaska App. 2001).

[22] *Smithart v. State*, 988 P.2d 583, 586 (Alaska 1999).

We emphasize that the reliability of the evidence is still an important factor in determining the strength of a probationer's interest in confrontation. But we conclude that, in addition to evaluating the reliability of the evidence, the trial court should also evaluate the State's explanation for why producing live testimony is undesirable or impractical. Before dispensing with the accused's right to confrontation, the court should make a clear finding of whether there is good cause to deny this right and should articulate the basis for its finding.

*Conclusion*

For the reasons explained in this opinion, we VACATE the revocation of McDaniels's probation and REMAND this case to the superior court for further proceedings consistent with this decision.